IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

| | | |
|---|---|---|
| S. PUCHEU, LLC, d/b/a STEVE'S MARINA RESTAURANT | § § § | PLAINTIFF |
| v. | § § | CAUSE NO. 1:07CV85 LG-JMR |
| AUDUBON INSURANCE CO., ET AL. | § | DEFENDANT |

**MEMORANDUM OPINION AND ORDER GRANTING
PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT**

THE MATTER BEFORE THE COURT is Plaintiff's Motion for Summary Judgment [17]. Defendant Audubon Insurance Company filed a response, and Plaintiff has replied. Plaintiff filed suit seeking a declaratory judgment that the Defendant must pay flood insurance benefits under the National Flood Insurance Program. The claims are for breach of contract and bad faith. Plaintiff moves for summary judgment on the breach of contract claim and the demand for declaratory judgment. After careful consideration of the submissions and the relevant law, it is the Court's opinion that the Plaintiff has shown that it is entitled to judgment as a matter of law on the issue of insurance coverage. Plaintiff's Motion for Summary Judgment will therefore be granted.

DISCUSSION

Plaintiff operated Steve's Marina Restaurant on the Long Beach, Mississippi, small craft harbor under a five-year Sublease Agreement with Travron, Inc. Ct. R. 18-5. Plaintiff agreed to "use the Subleased Premises as a restaurant with associated lounge and entertainment facility in the building only." *Id.* Both Travron, Inc. and Plaintiff purchased separate Standard Flood Insurance Policies ("SFIP") from different Write-Your-Own ("WYO") insurers under the National Flood Insurance Program ("NFIP") providing coverage for the building. Plaintiff's

policy also provided flood insurance coverage for the contents of the building.  Travron, Inc. purchased its flood coverage for the building from Allstate.  Plaintiff purchased flood coverage for the building and its contents from Audubon Insurance Group.  Ct. R. 18-2.

Steve's Marina Restaurant was completely destroyed by Hurricane Katrina on August 29, 2005.  Travron, Inc., recovered the full amount of the flood policy benefits for the destroyed building.  Ct. R. 24-5 p. 8.  However, when Plaintiff made a claim for flood insurance benefits, it was informed that benefits could not be paid because of duplicate flood insurance policies.  Audubon advised Plaintiff to "contact your agent at AllState [sic] Insurance to cancel the policy and provide us with that information."  *Id.*  Although Audubon has paid Plaintiff's contents claim under the provisions of the flood policy, it has declined to pay Plaintiff's claim for the destroyed building.  Ct. R. 18-11.

Article VII(U) of the Standard Flood Insurance Policy provides:

U.  Duplicate Policies Not Allowed.

1.  We will not insure your property under more than one NFIP policy.

Ct. R. 18-10.  The Fourth Circuit considered the "duplicate policies not allowed" language in *Studio Frames Ltd. v. Standard Fire Ins. Co.*, 483 F.3d 239 (4th Cir. 2007).[1]  The question was whether both the owner of a commercial building and a tenant could maintain flood insurance policies on the same building, in spite of the "duplicate policies not allowed" language.  The court interpreted the term "property" as used in Article VII(U) to mean "property interest."

> It is unclear whether "property" as used in this article refers to a property interest or to physical property, such as a structure.  If "property" refers to property interest, multiple

---

[1] Because flood insurance policies are uniform, the policy language in Article VII(U) at issue in this case is virtually identical to the Article 8(W) language considered in *Studio Frames*.

>policies could cover a single piece of property so long as the policies covered distinct interests. When we consider context, here, the language that follows the word "property," we conclude that the word refers to a property interest.

*Id.* at 248. The *Studio Frames* court noted that the policy language as well as the procedure for dealing with duplicate policies supported its conclusion that "property" means an interest in property and held that the "duplicate policies not allowed" language only prohibits a single insured from maintaining duplicate flood policies which cover the same property interest.

>The exclusive reference to the insured, rather than the insureds, indicates that the article only applies to duplicate policies held by a single insured or policyholder. If the drafters of the policy had intended to bar multiple policyholders from each holding a policy on a piece of property, then the drafters would have referred to the insureds when they set forth the procedures that a WYO company must follow once it discovers a duplicate policy.
>   The procedures for dealing with duplicate policies provide further support for the conclusion that property means an interest in property. Article 8(W) states, When the Insurer finds that duplicate policies are in effect, the Insurer *shall* ... give the Insured the option of choosing which policy is to remain in effect. This directive to the WYO company does not contemplate a situation, such as the one in this case, where multiple policyholders each have a policy on the same property. Indeed, under Standard Fire's interpretation, it would be futile for insurers to act under this directive because each policyholder would no doubt choose to keep its own (single) policy in effect. Article 8(W) does not include any mention of what procedures a WYO is to follow when it discovers that multiple policyholders have policies covering the same property. This omission indicates that Article 8(W) only prohibits a single insured from maintaining duplicate policies covering the same property interest.

*Id.*

The SFIP permits tenants to acquire building coverage for their leasehold improvements including fixtures, machinery, alterations, or additions comprising a part of the insured building to the extent that they are able to prove such losses. *Id.* at 245. The Court expresses no opinion on the amount of Plaintiffs losses, if any. The damages element of Plaintiff's claim must be decided by the finder of fact. However, where, as here, two different insureds obtain separate SFIPs which cover distinct property interests, albeit at the same physical location, the "duplicate

policies not allowed" provision under Article VII(U) of the SFIP does not apply.

**IT IS THEREFORE ORDERED AND ADJUDGED** that the Plaintiff's Motion for Summary Judgment [17] on the issue of coverage is **GRANTED**.

**SO ORDERED AND ADJUDGED** this the 16th day of January, 2008.

s/ *Louis Guirola, Jr.*
LOUIS GUIROLA, JR.
UNITED STATES DISTRICT JUDGE